### APPEAL OF MICHIGAN COIN LOCK CO.

Docket No. 4368.   Submitted September 16, 1925.   Decided November 11, 1925.

*Charles L. Coen*, *C. P. A.*, for the taxpayer.
*F. O. Graves*, *Esq.*, for the Commissioner.

Before LITTLETON, SMITH, and TRUSSELL.

This is an appeal from the determination of deficiencies in income and profits tax for the fiscal years ending August 31, 1918 and 1919, and the four-month period ending December 31, 1920, in the amounts of $787.83, $1,917.60, and $199.69, respectively.

In his determination of the deficiencies the Commissioner did not allow any amount in invested capital as the value of certain contracts for the installation of coin control locks and alleged good will claimed to have been paid in for stock of the Michigan Coin Lock Co., and of a contract for territorial rights to install coin control locks paid in to the Keystone Coin Controlling Lock Co. for stock. Taxpayer alleged that the contracts for the installation of coin control locks and good will were paid in to the Michigan Coin Lock Co. in 1913 for stock and the contract for territorial rights to install coin control locks, which was paid in to the Keystone Coin Controlling Lock Co. in 1915, had a substantial value at that time.

### FINDINGS OF FACT.

The taxpayer is a Michigan corporation, organized in 1913, engaged in the business of installing coin control locks in hotels and other buildings. The Keystone Coin Controlling Lock Co., a Penn-

sylvania corporation which was affiliated with the taxpayer during the years here involved, was organized about 1916.

The business of the taxpayer and its subsidiary, the Keystone Coin Controlling Lock Co., was that of furnishing and installing patented coin control locks through contracts, usually for a period of five years, with the owners of buildings in which such locks were installed, by which contracts the companies agreed to install the locks, keep them in repair, and pay one-half of the proceeds from the locks to the owners of the buildings for the privilege of installing them.

Prior to 1913 a Delaware corporation known as the Michigan Coin Controlling Lock Co. was engaged in the business of installing coin control locks under contracts of the character above mentioned. About 1913 one Charles Van Cleave purchased for $6,000 the tangible and intangible assets of the Michigan Coin Controlling Lock Co., among which assets were 490 coin control locks already installed under contracts. Thereupon, Van Cleave organized the Michigan Coin Lock Co. and paid in to it the assets so acquired, which had at that time an actual cash value of $6,000, for $10,000 par value of the stock.

In 1915 one Brown, a former associate of the principal stockholder of taxpayer, desired to acquire the right to install coin control locks in certain territories, whereupon he was given a contract by Charles Van Cleave, the owner of the patented coin control lock, to carry on the business of installing the locks in the territory of New York and Pennsylvania, for which Brown gave his promissory note for $25,000 to Van Cleave. Shortly thereafter Brown organized a corporation known as the Keystone Coin Controlling Lock Co. and paid in to it the contract for the right to install coin control locks in the States of New York and Pennsylvania for $150,000 par value of the stock. Nothing was ever paid on the note by Brown. Brown's health failed and it was impossible for him to carry on the business longer, whereupon Van Cleave canceled the note for $25,000, together with other indebtedness of Brown to him in the amount of $4,000, and took over the entire stock of the Keystone Coin Controlling Lock Co.

### DECISION.

The deficiency should be computed by including in invested capital $6,000, representing the value of the assets paid in for stock. Final determination will be settled on 15 days' notice, under Rule 50.